[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10049
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-05197-TCB


BRENDA J. BURCH,

Plaintiff-Appellant,

versus

WHEAT STREET TOWELS,
ERICA GILES,
Manager,
ERIC BORDERS,
CYNTHIA NIXON,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 25, 2019)

Before WILSON, WILLIAM PRYOR and HULL, Circuit Judges.

PER CURIAM:

Brenda Burch appeals *pro se* the *sua sponte* dismissal of her amended complaint. 28 U.S.C. § 1915(e)(2)(B)(ii). The district court ruled that Burch's original complaint "lack[ed] an arguable basis either in law or fact," *id.*, ordered her to "file an amended complaint within twenty-one days that identifie[d] the legal basis for her claim, facts supporting it, and a prayer for relief," and warned that her failure to do so would result in the dismissal of her complaint. After Burch filed an amended complaint that contained the same deficiencies as her original complaint, the district court dismissed it. We affirm.

We review *de novo* the *sua sponte* dismissal of a complaint for failure to state a claim. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). A district court must dismiss a complaint filed *in forma pauperis* if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Although *pro se* pleadings are construed liberally and subject to less stringent standards than those drafted by lawyers, *Alba*, 517 F.3d at 1252, a complaint must allege enough facts "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

2

556 U.S. 662, 678 (2009). A plaintiff must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

The district court did not err by dismissing Burch's amended complaint. Burch failed to comply with the instructions of the district court to "identify a legal basis for the claims against Defendant; allege . . . jurisdiction; [or] allege proper venue . . . ." Her two-page amended complaint consists of a single paragraph with indecipherable run-on sentences. Burch's amended complaint fails to allege her relationship with or the location of any incident with any individual defendant. For example, Burch alleges that "Miss Cynthia and Eric Border began their attacks on Me," but she fails to allege how she knows the named persons, what they did to her, or where the "attacks" occurred. Burch also identifies no legal cause of action against any individual defendant or a legal ground on which to invoke the subject-matter jurisdiction of the district court. The district court correctly dismissed Burch's amended complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**AFFIRMED.**